## MERCHANTS & MINERS STATE BANK OF HIBBING v. ARCHIBALD M. CHISHOLM.[1]

November 29, 1912.

Nos. 17,853—(186).

**Complaint construed.**

Complaint construed and *held* to state a cause of action to recover damages which resulted from alleged fraudulent and illegal acts of defendant in procuring a loan from plaintiff to be made to an insolvent borrower for defendant's purposes.

Action in the district court for St. Louis county to recover $6,000. From an order, Dancer, J., overruling defendant's demurrer to the complaint, he appealed. Affirmed.

*Francis W. Sullivan,* for appellant.

*Theo. Hollister* and *J. A. P. Neal,* for respondent.

BUNN, J.

This is an appeal from an order overruling a general demurrer to the complaint, which, after alleging the corporate character and business of plaintiff, is substantially as follows:

On and prior to March 5, 1906, John F. Killorin was president, L. G. Sicard, cashier, defendant and P. H. Nelson, directors of

[1] Reported in 138 N. W. 682.

plaintiff. The capital stock of plaintiff bank was $25,000, its surplus $10,000. On March 3, 1906, the president and cashier were absent from Hibbing, where the bank was located, which fact was well known to defendant. On this date N. E. La Mond was assistant cashier, and the only person in charge of the affairs of the bank through whom its funds could be obtained. On March 3, 1906, defendant wrote and caused to be delivered to La Mond, the following letter:

"Dear Sir:

"Enclosed I hand you note of Daniel Waite for $6,000, secured by certificates Nos. 13 and 14 of Blake & Waite Company, which Mr. Nelson arranged to let him have $6,000 on. Will you kindly mail me two drafts, one for $4,000, and one for $2,000 for same, and oblige

"Yours truly,
"A. M. Chisholm."

La Mond was about to sever his connection with plaintiff, and become the private secretary of defendant, by reason of which fact, and the relations existing between defendant and La Mond, defendant had great influence over La Mond, and could and did induce him to make and mail the two drafts asked for in the letter, which drafts were made payable to Daniel Waite, indorsed by him, and paid by plaintiff. The note of Waite was delivered to La Mond for plaintiff, at the time of the delivery of the letter. Said sum of $6,000 has never been paid, nor has any part thereof, nor the interest thereon, except the interest to December 6, 1907. The statement in the letter that Nelson had arranged to let Waite have $6,000 was false and fraudulent, and made by defendant solely for the purpose of inducing La Mond to deliver the funds of the bank to Waite, and defendant on said date knew that Waite was not entitled to a loan from plaintiff in the sum of $6,000 or any other sum. Waite was then and still is financially irresponsible. At the time defendant procured the loan aforesaid to be made to said Waite, he contemplated the purchase of stock in a corporation known as the Blake-

Waite Company, and that defendant used his influence and the statements contained in the letter to procure the said loan to be made to said Daniel Waite "in his own interest, and indirectly to himself." Said loan was not acted upon by the board of directors of plaintiff, or by any officer of said bank except defendant, and was procured by defendant in violation of section 2989, R. L. 1905. Defendant well knew that neither the president, cashier, nor any director of plaintiff, other than himself, would sanction the loan; that he chose a time and opportunity when all the other officers of the bank were absent, to and did exert his influence upon La Mond to procure the funds aforesaid from the bank. It is also alleged that the loan was in violation of section 2993, R. L. 1905; that the sum was in excess of the amount which the bank had any right to loan to any person; that the said loan so procured by defendant to the said Waite was a fraud upon plaintiff. It is then alleged "that by reason of the unlawful and fraudulent conduct and acts of the said defendant, plaintiff has been damaged in the sum of $6,000, with interest thereon from the 6th day of December, 1907." A demand for judgment in such sum follows.

If this complaint, by a liberal construction of its allegations, states a cause of action, either in tort or on contract, the demurrer was properly overruled. The trial court held that, if the complaint was to be construed as attempting to set up a cause of action for a loss resulting to the bank from a loan to Waite, an insolvent borrower, a demurrer would lie, for the reason that there is no sufficient allegation that the bank suffered any loss or damage. The complaint was construed, however, as alleging a loan indirectly made to defendant himself, and held to show an absolute liability on the part of defendant for the amount of the loan.

We are not disposed to disagree with the conclusion of the trial court that a cause of action on contract can be spelled out, but it seems quite apparent, considering all the allegations of the complaint, that the intention of the pleader was to state a cause of action sounding in tort, to recover damages resulting from the fraud and illegal acts of defendant in procuring the loan to be made to Waite. We imagine this to be the case which plaintiff will attempt to prove

in the event the complaint is sustained, and therefore deem it of importance to the parties to dispose of this question.

It cannot be doubted that the allegations are ample to show fraud, and violation of the statutes on the part of defendant. But if plaintiff was not damaged by the procuring of the loan to Waite, of course it has no cause of action against the wrongdoer. The note was given and the loan made March 3, 1906. Interest was paid to December 6, 1907, but not thereafter. This action was commenced in March, 1912. It may fairly be assumed that the note was long past due, and that plaintiff was unable to collect either principal or interest from the maker. The chief ground of defendant's contention that a cause of action is not stated, is that it does not appear from the complaint that the stock certificates, referred to in the letter of defendant as securing the note of Waite inclosed, were worthless, or that they were not worth the full amount of the note. But the complaint does not allege that those certificates were ever delivered to or held by the bank as security for the note. The letter does not say they were inclosed, nor does it state the par or any other value of the stock. There seems no ground for assuming either that the bank holds the collateral, or that if it does, it is of any value. The allegation that plaintiff has been damaged in the sum of $6,000 by the fraudulent and unlawful acts of defendant pleaded, while not, standing alone, a sufficient allegation of damages, must be construed with the other allegations referred to. We think, considering the complaint as a whole, that it sufficiently alleges that plaintiff has lost the $6,000 which defendant, by fraud and in violation of the statutes, procured, for his own purposes, to be loaned to an insolvent borrower.

We cannot hold that it conclusively appears from the complaint that plaintiff is precluded by the long delay, or by receiving interest on the note, from maintaining an action for damages for the fraud. Plaintiff is not seeking to rescind a contract procured by fraud. The complaint does not show such an affirmance or ratification of the transaction as estops plaintiff from now claiming that the loan was procured by fraud or in violation of the statute.

We hold that the complaint, liberally construed as it should be, states a cause of action, and that the demurrer was properly overruled.

Order affirmed.